# United States Court of Appeals
### For the Eighth Circuit

———————————————

## No. 22-3355

———————————————

Ronald Ragan, Jr.

*Plaintiff - Appellant*

v.

Berkshire Hathaway Automotive, Inc.

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Western District of Missouri

——————————

Submitted: December 13, 2023
Filed: February 2, 2024

——————————

Before SMITH, Chief Judge, GRUENDER and GRASZ, Circuit Judges.

——————————

GRASZ, Circuit Judge.

Ronald Ragan claims Berkshire Hathaway Automotive Inc. (BHA) copied his single-page car dealership customer intake form ("Guest Sheet") without his permission. Under federal copyright law, this case boils down to whether the Guest Sheet exhibits a sufficient degree of creativity. It does not, and for that reason, we affirm.

# I. Background

Ragan claims he created a document called the Guest Sheet that purportedly helps car dealerships sell cars. The Guest Sheet consists of questions, prompts, headings, fill-in-the-blank lines, and checkboxes. In 1999, the United States Copyright Office issued a certificate of registration to Ragan for the Guest Sheet.

Around 2000, Ragan claims the Van Tuyl Group, Inc., a privately-owned auto dealership, copied and used the Guest Sheet. Ragan notified Van Tuyl of the supposed infringement. In return, Van Tuyl's insurer, American International Group, Inc., sued Ragan, seeking a declaratory judgment that Van Tuyl was not infringing on Ragan's copyright and the copyright was void and unenforceable. That lawsuit was later dismissed for lack of personal jurisdiction.

In 2015, BHA acquired Van Tuyl. Ragan claims that after acquiring Van Tuyl, BHA continued to use the Guest Sheet. After Ragan complained, BHA allegedly agreed to modify the form but continued using it. Ragan then commenced this lawsuit, claiming copyright infringement. BHA moved for judgment on the pleadings, asserting the Guest Sheet was not copyrightable. The district court[1] granted BHA's motion and entered judgment against Ragan. This appeal followed.

# II. Analysis

On appeal, Ragan argues the district court erred by finding the Guest Sheet uncopyrightable. We review a grant of judgment on the pleadings de novo, "viewing all facts pleaded by the nonmoving party as true and granting all reasonable inferences in favor of that party." *Henson v. Union Pac. R.R. Co.*, 3 F.4th 1075, 1080 (8th Cir. 2021) (quoting *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir.

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

2009)).  Where no dispute about the facts exists, we will address copyrightability as a question of law.  *See Toro Co. v. R & R Prods. Co.*, 787 F.2d 1208, 1213 (8th Cir. 1986).

Ragan contends he owns the copyright to the Guest Sheet.  The Copyright Act extends copyright protection only to "original works of authorship."  17 U.S.C. § 102(a).  This originality requirement is imposed by the Constitution, as well as the text of the Copyright Act itself.  *See Feist Publ'ns., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 346 (1991) ("Originality is a constitutional requirement.").  To meet this requirement, a work must be "independently created by the author (as opposed to copied from other works), and . . . possess[] at least some minimal degree of creativity."  *Id*. at 345.

Although Ragan claims the Guest Sheet is an "elegant" form "distilled [from] years of . . . experience," it noticeably lacks the requisite originality of a copyrightable work. It is a basic customer intake sheet containing fewer than 100 words seeking basic information:

Case 4:18-cv-01010-HFS   Document 93-1   Filed 08/24/21   Page 2 of 4   Exhibit A

Ragan claims the selection and arrangement of the words used as section headings and question prompts make the Guest Sheet sufficiently original. But the "mere selection" of words does not make a work copyrightable. *Feist*, 499 U.S. at 362–63 (explaining the act of selecting which words to include in a utilitarian work is not enough to meet the originality requirement). The Guest Sheet still must exhibit some degree of creativity, which it fails to do, mainly because it does not convey information. *See Kregos v. Associated Press*, 937 F.2d 700, 708 (2d Cir. 1991) ("[A] form that conveys no information and serves only to provide blank space for recording information contains no expression or selection of information that could possibly warrant copyright protection."). *See also Utopia Provider Sys., Inc. v. Pro-*

-4-

*Med Clinical Sys., L.L.C.*, 596 F.3d 1313, 1323–24 (11th Cir. 2010) (holding a form asking for basic information ranging from "name, date of birth, [and] sex" to "the history of the present illness" and "medical and social history" did not convey adequate information).

The Guest Sheet does not tell a car salesperson how to do his or her job; it is merely a means of capturing and retaining information routinely considered when a car salesperson seeks to sell a car. *See id*. at 1324. As the district court explained, "the Guest Sheet in and of itself does nothing more than request basic information which, at most, may simply assist a salesperson [to] tailor his or her sales pitch." Thus, we conclude the Guest Sheet is a form designed to record, not convey, information. *See, e.g., Bibbero Sys., Inc. v. Colwell Sys., Inc.*, 893 F.2d 1104, 1108 (9th Cir. 1990) (finding medical "superbills" uncopyrightable because superbills fail to convey information). For these reasons, the Guest Sheet is not entitled to copyright protection.

Ragan also claims the district court ignored the statutory presumption of copyright validity granted to the Guest Sheet by the certificate of registration. Specifically, he argues judgment on the pleadings was improper because BHA put forth no affirmative evidence—beyond the registered work—to rebut the prima facie presumption of copyright validity. Ragan is correct that the Guest Sheet's registration certificate creates a statutory presumption of copyrightability. *See* 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."). But Section 401(c) does not impose any requirements on *how* a defendant must meet its burden. *See id.* ("The evidentiary weight to be accorded the certificate of a registration made thereafter *shall be within the discretion of the court*.") (emphasis added). Thus, the copyrightability of the Guest Sheet can be determined by an examination of the Guest Sheet alone, as the district court recognized. *See, e.g.*, *Carol Barnhart Inc. v. Econ. Cover Corp.*, 773 F.2d 411, 414 (2d Cir. 1985) ("Once defendant's response to plaintiff's claim put in issue whether

. . . forms were copyrightable, [the district court] correctly reasoned that the 'mute testimony' of the forms put him in as good a position as the Copyright Office to decide the issue.").

## III. Conclusion

Because the Guest Sheet lacks the requisite originality for protection, we affirm.

_____